IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

vs.                                                                                                            No. 14-4810

CHARLES ADKINS,

                Defendant-Appellant.

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL AS AN ATTACHMENT TO APPELLANT'S BRIEF

COMES NOW the Appellant Charles Adkins, by counsel, and moves this Honorable Court, in accordance with Local Rule 28(b) of the Local Rules of the Fourth Circuit, for leave to file supplemental material as an attachment to the Appellant's brief, filed contemporaneously herewith. To wit, the Appellant moves that the materials attached to this motion, specifically the "OVC Fact Sheet," a public document of the United States Department of Justice, dated October 2005, be deemed an attachment to Appellant's brief.

This attachment is anticipated to be referenced in Appellant's brief and to form the foundation of Appellant's constitutional arguments contained within that brief. The document is a government publication available on the Internet from the Department of Justice. The inclusion of this short document as an attachment to Appellant's brief will not prejudice the Appellee's interests because this is a non-controversial public document which is published by the Department of Justice itself. The exclusion of this document, however, would eviscerate one or more of the bases upon which Appellant's appeal is based.

Therefore, for the reasons stated above, the Appellant moves this Honorable Court to grant its motion to leave to file the attached document as an attachment to Appellant's brief. The government has indicated that it opposes this motion and intends to respond.

Dated this 24th day of February, 2015.

**ROBINSON & McELWEE PLLC**


 /s/ E. Ryan Kennedy
E. Ryan Kennedy
W. Va. State Bar I.D.: 10154)

Attorney for Charles Adkins

140 West Main Street, Suite 300
Post Office Box 128
Clarksburg, WV 26302-0128
(304) 622-5022

2

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

vs.                                          No. 14-4810

CHARLES ADKINS,

                Defendant-Appellant.

## CERTIFICATE OF SERVICE

I, E. Ryan Kennedy, counsel for defendant-appellant, Charles Adkins, hereby certifies that on the 24th day of February, 2015, I served a true and exact copy of the **Motion for Leave to File Supplemental Material as an Attachment to Appellant's Brief** to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to Shawn Morgan, counsel for appellee-plaintiff.

                                                            _/s/_ E. Ryan Kennedy_____
                                                            E. Ryan Kennedy
                                                            W. Va. State Bar I.D.:  10154)

{R0987068.1}

**U.S. Department of Justice**
Office of Justice Programs
*Office for Victims of Crime*





OCTOBER 2005

# Victims of Crime Act Crime Victims Fund

The Crime Victims Fund (the Fund), established by the Victims of Crime Act of 1984 (VOCA), is a major funding source for victim services throughout the Nation. Millions of dollars have been deposited into the Fund annually from criminal fines, forfeited bail bonds, penalties, and special assessments collected by U.S. Attorneys' Offices, federal U.S. courts, and the Federal Bureau of Prisons. To date, Fund dollars have always come from offenders convicted of federal crimes, not from taxpayers. Previous legislation expanded the sources from which Fund deposits may come. Passed in October 2001, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act (USA PATRIOT Act) provided authority for the deposit of gifts, bequests, or donations from private entities into the Fund beginning in fiscal year (FY) 2002.

When the Fund was authorized in 1984, a cap was placed on how much could be deposited into it for the first 8 years. The amount of money deposited into the Fund has fluctuated from year to year. The figure on page 2 depicts the amount of money deposited into the Fund each fiscal year from 1985 through 2005.[1] Lifting of the cap in 1993 allowed for the deposit of all criminal fines, forfeited bail bonds, penalties, and special assessments authorized by VOCA to support crime victim program activities. In FY 2000, Congress reinstated the cap on the Fund. Under this scheme, the actual amount of funding available for programs authorized by VOCA is determined each year during the appropriations process.

## How Are Fund Deposits Disbursed?

- **Child Abuse.** Up to $20 million is used annually to improve the investigation and prosecution of child abuse cases. The money is divided between the U.S. Department of Health and Human Services (up to $17 million) and the Office for Victims of Crime (OVC) (up to $3 million). OVC uses the portion it administers exclusively to help American Indian populations and their governing organizations improve the skills necessary to investigate and prosecute child abuse cases, particularly in regard to identifying and handling cases of child sexual abuse.

- **Federal Criminal Justice System.** Since FY 2000, an unspecified amount of the Fund has been allocated each year to the federal criminal justice system to improve services to victims of federal crimes by supporting the federal victim notification system and federal victim coordinator and specialist positions in the 94 U.S. Attorneys' Offices and 56 Federal Bureau of Investigation field offices.

- **Antiterrorism Emergency Reserve.** The OVC Director is authorized to set aside up to $50 million from the Crime Victims Fund for three purposes:[2]

  ❑ To support compensation and assistance services for victims of domestic terrorism and mass violence in the United States.

  ❑ To support assistance services to victims of terrorism outside the United States.

---

[1] Money deposited in the Fund in one year is used to support programs authorized by VOCA in the next year.
[2] Legislation passed in October 2001 (USA PATRIOT Act) authorized the transfer of emergency supplemental appropriation funding into the Emergency Reserve account to assist victims of the September 11, 2001, terrorist attacks on the United States.

**Office of Justice Programs** • Partnerships for Safer Communities • *www.ojp.usdoj.gov*



## Crime Victims Fund Deposits

Legend: Total Funds Collected, Cap on Fund, Total Funds Available

| Fiscal Year | Total Funds Collected | Cap on Fund | Total Funds Available |
|---|---|---|---|
| 1985–1986 | 68.3 | 100 | 68.3 |
| 1986–1987 | 62.5 | 110 | 62.5 |
| 1987–1988 | 77.4 | 110 | 77.4 |
| 1988–1989 | 93.6 | 110 | 93.6 |
| 1989–1990 | 133.5 | 125 | 125 |
| 1990–1991 | 146.2 | 125 | 125 |
| 1991–1992 | 128 | 150 | 128 |
| 1992–1993 | 221.6 | 150 | 150 |
| 1993–1994 | 144.7 | 0 | 144.7 |
| 1994–1995 | 185.1 | 0 | 185.1 |
| 1995–1996 | 233.9 | 0 | 233.9 |
| 1996–1997 | 528.9 | 0 | 528.9 |
| 1997–1998 | 362.9 | 0 | 362.9 |
| 1998–1999 | 324 | 0 | 324 |
| 1999–2000 | 985.2 | 500 | 1,023.6 |
| 2000–2001 | 777 | 537.5 | 1,321.2 |
| 2001–2002 | 544.4 | 550 | 1,334.6 |
| 2002–2003 | 519.5 | 600 | 1,331.8 |
| 2003–2004 | 361.3 | 621.3* | 1,093.3 |
| 2004–2005 | 833.7 | 620* | 1,305.1 |

**Millions of Dollars**

\* Denotes that fiscal year cap was reduced by congressional rescission.

2

- ❏ To fund directly the International Terrorism Victim Expense Reimbursement Program, a direct reimbursement to victims of international terrorism for specific crime-related expenses.
- ■ **Distributions.** The remaining Fund deposits are distributed as follows:
  - ❏ 47.5 percent to state compensation programs.
  - ❏ 47.5 percent to state assistance programs.
  - ❏ 5 percent for discretionary activities such as demonstration projects, training, technical assistance, program evaluation and compliance, fellowships, clinical internships, and other assistance to improve and expand the delivery of services to federal crime victims.

# Victim Compensation

### What Is Crime Victim Compensation?

Crime victim compensation is a direct reimbursement to or on behalf of a crime victim for the following statutorily identified crime-related expenses:

- ■ Medical costs.
- ■ Funeral and burial costs.
- ■ Mental health counseling.
- ■ Lost wages or loss of support.

Other compensable expenses may include the replacement or repair of eyeglasses or other corrective lenses, dental services and devices, prosthetic devices, and crime scene cleanup. However, property damage and loss are not covered.

### What Is a Crime Victim Compensation Program?

Every state administers a crime victim compensation program that provides financial assistance to victims of both federal and state crimes. VOCA allows states to use up to 5 percent of crime victim compensation grant funds for administering the crime victim compensation grant program. Any portion of the allowable 5 percent that is not used for administrative purposes must be used for awards of compensation to crime victims. Although each state compensation program is administered independently, most programs have similar eligibility requirements and offer a comparable range of benefits. Maximum awards generally range from $10,000 to $25,000, although a few states have higher or lower maximums.

The typical compensation program requires victims to report crimes to law enforcement within 3 days of the offense and to file claims within a fixed period of time (usually 2 years). Most states can extend these time limits for good cause. If other financial resources such as private health and property insurance are available to the victim, the program pays only to the extent that those resources do not cover the loss.

### Which States Receive VOCA Compensation Grants?

All 50 states, the District of Columbia, and several U.S. territories receive VOCA compensation grants. A state is eligible for a VOCA compensation grant if it meets the criteria set forth in VOCA and OVC program rules. Examples of these criteria include that states must provide services for victims of federal crimes and compensation to people who are victimized in the state (even when the victim resides in another state). The amount of VOCA compensation grant funding a state receives is based on a percentage of the payments to crime victims from state funding sources in the previous year.

# Victim Assistance

### What Is Victim Assistance?

Victim assistance includes, but is not limited to, the following services:

- ■ Crisis intervention.
- ■ Emergency shelter.
- ■ Emergency transportation.
- ■ Counseling.
- ■ Criminal justice advocacy.

Nearly 6,100 VOCA awards are made by states annually to public and private nonprofit organizations to provide these and other essential services to victims of crime.

### Which States and Territories Receive VOCA Victim Assistance Grants?

All states and most territories receive an annual VOCA victim assistance grant. The 50 states, the District of Columbia, the U.S. Virgin Islands, and Puerto Rico each receive a base amount of $500,000. The territories of the Northern Mariana Islands, Guam, and American Samoa each receive a base amount of $200,000. Additional funds are distributed to states and territories based on population. States and territories competitively award VOCA assistance funds to local community-based organizations that provide services directly to victims of crime.

### How Do States and Territories Determine Which Organizations Will Receive VOCA Victim Assistance Grants?

Each state and territory determines which organizations will receive funding based on the eligibility requirements for subrecipient programs contained in VOCA, the victim assistance rules promulgated by OVC, and the needs of crime victims in that state or territory. Funding is awarded on a competitive basis; however, funds are also used to support continuation activities and requirements of the state funding agency.

VOCA assistance funds may be used only for direct services to crime victims. VOCA allows state grantees to obtain

3

**U.S. Department of Justice**
Office of Justice Programs
*Office for Victims of Crime*

*Washington, DC 20531*

Official Business
Penalty for Private Use $300



PRESORTED STANDARD
POSTAGE & FEES PAID
DOJ/OVC
PERMIT NO. G–91

up to, but no more than, 5 percent of each year's grant for administering the VOCA victim assistance grant at the state grantee level with the remaining portion being used exclusively for direct service providers. Services such as offender rehabilitation, criminal justice improvements, and crime prevention activities cannot be supported with VOCA victim assistance funds. With the exception of costs incurred by victims for forensic medical examinations, VOCA assistance funds cannot be used to reimburse victims for out-of-pocket expenses.

## Discretionary Funds

### What Is the Purpose of Discretionary Funds?

VOCA authorizes OVC to use discretionary funds to improve and enhance the skills, knowledge, and abilities of victim service providers and allied professionals who work with crime victims. Each year, OVC identifies program priorities that identify the training and technical assistance and demonstration initiatives that should be funded in the coming year with discretionary funds available from the Fund.

### How Are Discretionary Funds Used?

Discretionary funds are used for two types of activities:

- National-scope training and technical assistance to include the following:
  - Performing program evaluations.
  - Funding and evaluating demonstration programs.
  - Conducting special workshops.
  - Supporting victims' rights compliance efforts.
  - Developing training curricula.
  - Establishing fellowships and clinical internships.
  - Identifying and disseminating promising practices in victim services.
  - Supporting efforts to raise national awareness of victims' rights and needs.
  - Training professionals who work in victim services and allied fields.
  - Delivering technical assistance.
- Services and support for federal crime victims to include the following:
  - Developing materials that inform federal crime victims of their rights and the services available to them.
  - Supporting programs that establish new and expand existing services for federal crime victims, including programs that address the needs of American Indian crime victims.
  - Training federal, criminal, and tribal justice system personnel on victims' issues.

## For More Information

For more information on this topic, contact

**Office for Victims of Crime**
U.S. Department of Justice
810 Seventh Street NW., Eighth Floor
Washington, DC 20531
202–307–5983
Fax: 202–514–6383
Web site: www.ovc.gov

For copies of this fact sheet and other OVC publications or information on additional victim-related resources, please contact

**OVC Resource Center**
P.O. Box 6000
Rockville, MD 20849–6000
1–800–851–3420 or 301–519–5500
(TTY 1–877–712–9279)
Ask OVC: http://ovc.ncjrs.org/askovc
Web site: www.ncjrs.gov

Or order OVC publications online at http://ncjrs.gov/App/Publications/AlphaList.aspx.

For information on training and technical assistance available from OVC, contact

**OVC Training and Technical Assistance Center**
10530 Rosehaven Street, Suite 400
Fairfax, VA 22030
1–866–OVC–TTAC (1–866–682–8822)
(TTY: 1–866–682–8880)
Fax: 703–279–4673
E-mail: TTAC@ovcttac.org
Web site: www.ovcttac.org